**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **J. ROBYN STRADER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CA No. 4:23-cv-00038-P** |
| | ) | |
| **CVS HEALTH CORPORATION;** | ) | |
| **CVS HEALTH SOLUTIONS, LLC;** | ) | |
| **MINUTECLINIC, LLC;** | ) | |
| **MINUTECLINIC DIAGNOSTIC OF** | ) | |
| **TEXAS, LLC,** | ) | |
| | | |
| Defendants. | | |

## DEFENDANTS' AMENDED ANSWER TO COMPLAINT

Defendants CVS Health Corporation, CVS Health Solutions, LLC, MinuteClinic, L.L.C., and MinuteClinic Diagnostic of Texas, LLC (collectively, "Defendants"), by and through their attorneys, hereby respond to Plaintiff J. Robyn Strader's ("Plaintiff") Complaint as follows:

### INTRODUCTION[1]

1.     Defendants admit, upon information and belief, that Plaintiff is a nurse practitioner.  Defendants deny that MinuteClinic prescribes abortifacient drugs.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 1 of the Complaint and, therefore, call upon Plaintiff to prove same.

2.     Defendants deny the allegations contained in the first sentence of Paragraph 2 of the Complaint, including that MinuteClinic prescribes abortifacient drugs. Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 2 of the Complaint and, therefore, call upon Plaintiff to prove same.

---

[1] To the extent the headings in the Complaint are construed as factual allegations to which a response is required, Defendants deny any allegations contained in the headings of the Complaint.

3.      Defendants admit that in August 2021, MinuteClinic announced certain updates to the essential functions of the provider and nurse roles, which included requiring providers to provide education and treatment for pregnancy prevention.  Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 6 of the Complaint.

7.      No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 7 of the Complaint.

8.      No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 8 of the Complaint.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

**JURISDICTION AND VENUE**

11.     No responsive pleading is required by Defendants to Plaintiff's statements regarding the nature of her claims contained in Paragraph 11 of the Complaint.  To the extent that a response is deemed necessary, Defendants admit that Plaintiff's Complaint purports to assert claims under Title VII of the Civil Rights Act of 1964, Chapter 21 of the Texas Labor Code, and Chapter 103 of the Texas Occupations Code, but deny any wrongdoing or liability in

this matter.  Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.     No responsive pleading is required by Defendants to Plaintiff's statement of jurisdiction contained in Paragraph 12 of the Complaint.

13.     No responsive pleading is required by Defendants to Plaintiff's statement of jurisdiction contained in Paragraph 13 of the Complaint.

14.     No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 14 of the Complaint.

15.     No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 15 of the Complaint.

16.     No responsive pleading is required by Defendants to Plaintiff's statement of venue contained in Paragraph 16 of the Complaint.

17.     Defendants admit that Plaintiff filed a Charge of Discrimination against CVS Pharmacy, Inc. with the United States Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, which document speaks for itself.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 17 of the Complaint and, therefore, call upon Plaintiff to prove same.

18.     Defendants admit that Plaintiff filed an Amended Charge of Discrimination against CVS Pharmacy, Inc., CVS Health Corporation, CVS Health Solutions, LLC, MinuteClinic, LLC and MinuteClinic Diagnostic of Texas, LLC, which document speaks for itself.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 18 of the Complaint and, therefore, call upon Plaintiff to prove same.

19.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 19 of the Complaint and, therefore, call upon Plaintiff to prove same.

20.     Defendants admit that the EEOC issued a Notice of Right to Sue, dated January 3, 2023, which document speaks for itself.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 20 of the Complaint and, therefore, call upon Plaintiff to prove same.

21.     Defendants admit, upon information and belief, that Plaintiff filed her Complaint on or around January 11, 2023.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 21 of the Complaint and, therefore, call upon Plaintiff to prove same.

## PARTIES

22.     Defendants admit, upon information and belief, that Plaintiff is a nurse practitioner, and that at the time of her termination in 2021, Plaintiff worked at a MinuteClinic facility located in Keller, Texas.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 22 of the Complaint and, therefore, call upon Plaintiff to prove same.

23.     Defendants admit that CVS Health Corporation is a health solutions company, and that there are more than 9,000 CVS pharmacy locations across the United States and Puerto Rico.  Defendants further admit that CVS Health Corporation ranked 4th on the Fortune 500 list in 2022.  Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit that CVS Health Solutions, LLC is registered with the State of Texas.  Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit that CVS Health Corporation is the ultimate parent corporation of MinuteClinic, L.L.C. and MinuteClinic Diagnostic of Texas, LLC.  Defendants further admit that there are more than 1,100 MinuteClinic medical clinic locations.  Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit that MinuteClinic, L.L.C. and MinuteClinic Diagnostic of Texas, LLC are registered with the State of Texas.  Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendants admit that MinuteClinic providers offer both in-person and virtual healthcare services and, among other things, can treat minor illnesses and injuries, screen and monitor chronic conditions, and give immunizations and annual exams.  Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.     No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 28 of the Complaint.

29.     No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

## FACTUAL BACKGROUND

31.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 31 of the Complaint and, therefore, call upon Plaintiff to prove same.

32.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations regarding Plaintiff's beliefs contained in Paragraph 32 of the Complaint and,

therefore, call upon Plaintiff to prove same.   Defendants deny that MinuteClinic prescribes abortifacient drugs.

33.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations regarding Plaintiff's beliefs contained in Paragraph 33 of the Complaint and, therefore, call upon Plaintiff to prove same.   Defendants deny that MinuteClinic prescribes abortifacient drugs and deny the factual allegation that "all hormonal contraceptives" cause abortion.

34.     Defendants deny that MinuteClinic prescribes abortifacient drugs.   Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 34 of the Complaint and, therefore, call upon Plaintiff to prove same.

35.     Defendants deny that the term "birth control" refers to "abortifacient drugs" and deny that MinuteClinic prescribes abortifacient drugs.   Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 35 of the Complaint and, therefore, call upon Plaintiff to prove same.

36.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 36 of the Complaint and, therefore, call upon Plaintiff to prove same.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants admit that Plaintiff was hired as a nurse practitioner at MinuteClinic in 2015.  Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Defendants admit that at one point Ms. Harvey was the MinuteClinic Practice Manager responsible for the state of Texas.   Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants admit that in or around July 2016, Plaintiff requested an accommodation to not have to prescribe contraceptives.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 41 of the Complaint and, therefore, call upon Plaintiff to prove same.

42.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 42 of the Complaint and, therefore, call upon Plaintiff to prove same.

43.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 43 of the Complaint and, therefore, call upon Plaintiff to prove same.

44.     Defendants deny the allegations contained in the first sentence of Paragraph 44 of the Complaint.  Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 44 of the Complaint and, therefore, call upon Plaintiff to prove same.

45.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 45 of the Complaint and, therefore, call upon Plaintiff to prove same.

46.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 46 of the Complaint and, therefore, call upon Plaintiff to prove same.

47.     Defendants admit that at the time of her termination in 2021, Plaintiff worked at a MinuteClinic located at 801 North Tarrant Parkway, Keller, Texas 76248.

48.     Defendants admit that there is a MinuteClinic located at 8000 Denton Highway, Watauga, Texas 76148.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 48 of the Complaint and, therefore, call upon Plaintiff to prove same.

49.     Defendants admit that there is a MinuteClinic located in 6401 Precinct Line Road, North Richland Hills, Texas 76182.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 49 of the Complaint and, therefore, call upon Plaintiff to prove same.

50.     Although the term "common" is vague and ambiguous, Defendants admit that MinuteClinic patients are sometimes referred to other MinuteClinic facilities.  Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 51 of the Complaint and, therefore, call upon Plaintiff to prove same.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit that MinuteClinic held a Town Hall meeting on August 26, 2021, during which Chief Nurse Practitioner Angela Patterson addressed certain updates to the essential functions of the provider and nurse roles.  Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint.

55.     Defendants admit that Ms. Patterson sent an email with a summary of the Town Hall meeting, which document speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Defendants admit that MinuteClinic updated the essential functions of its provider and nurse roles to help ensure that its patients have a consistent experience at all of its clinics. Defendants deny the remaining allegations contained in Paragraph 56 of the Complaint.

57.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 57 of the Complaint and, therefore, call upon Plaintiff to prove same.

58.     Defendants admit that MinuteClinic updated the essential functions of its provider and nurse roles.   Defendants deny the remaining allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants admit that Plaintiff submitted a letter to CVS, dated August 30, 2021, which document speaks for itself.   Defendants deny the remaining allegations contained in Paragraph 63 of the Complaint.

64.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 64 of the Complaint and, therefore, call upon Plaintiff to prove same.

65.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 65 of the Complaint and, therefore, call upon Plaintiff to prove same.

66.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 66 of the Complaint and, therefore, call upon Plaintiff to prove same.

67.     Defendants admit that Plaintiff submitted a letter to CVS, dated September 23, 2021, which document speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 67 of the Complaint.

68.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 68 of the Complaint and, therefore, call upon Plaintiff to prove same.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants admit that at some point Plaintiff told Ms. Young that she had written letters to CVS.  Defendants deny the remaining allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants admit that MinuteClinic terminated Plaintiff's employment, effective November 2, 2021.  Defendants deny the remaining allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants admit that CVS considers reasonable accommodation requests by pharmacists and pharmacy technicians in its pharmacies who request accommodations from dispensing contraceptives based on their religious beliefs and that it grants requests to eligible colleagues.  Defendants deny the remaining allegations contained in Paragraph 87 of the Complaint, including that CVS dispenses abortifacient drugs.

88.     Defendants admit that the services available at MinuteClinic facilities are not uniform, and that prospective patients can search for MinuteClinic locations online and can filter locations by services.  Defendants deny the remaining allegations contained in Paragraph 88 of the Complaint.

89.     Defendants admit that prospective patients can search for MinuteClinic locations online and can filter locations by services.  Defendants further admit that the results of a particular search vary based on the search terms, and state that the result of a particular online

search is data that speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 89 of the Complaint.

90.     Defendants admit that prospective patients select a category of services when scheduling an appointment online at MinuteClinic.  Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint.

91.     Defendants admit that prospective MinuteClinic patients are asked to schedule an appointment online or to walk in to make an appointment.  Defendants deny the remaining allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

94.     Defendants admit that MinuteClinic excused certain nurse practitioners from prescribing contraceptives as informal and formal accommodations based on their asserted religious beliefs.  Defendants deny the remaining allegations contained in Paragraph 94 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

95.     Defendants deny that MinuteClinic prescribes abortifacient drugs.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 95 of the Complaint and, therefore, call upon Plaintiff to prove same.

96.     Defendants deny that MinuteClinic prescribes abortifacient drugs.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 96 of the Complaint and, therefore, call upon Plaintiff to prove same.

97.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 97 of the Complaint and, therefore, call upon Plaintiff to prove same.

98.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 98 of the Complaint and, therefore, call upon Plaintiff to prove same.

99.     Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 99 of the Complaint and, therefore, call upon Plaintiff to prove same.

100.    Defendants neither admit nor deny, because they have no knowledge of same, the allegations contained in Paragraph 100 of the Complaint and, therefore, call upon Plaintiff to prove same.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

### FIRST CAUSE OF ACTION

### Violation of VII: Failure to Accommodate

102.    Defendants repeat and incorporate by reference their responses to Paragraph 1 through Paragraph 101 of the Complaint as if fully set forth herein.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 104 of the Complaint.

105.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 105 of the Complaint.

106.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants deny that MinuteClinic prescribes abortifacient drugs.  Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 113 of the Complaint and, therefore, call upon Plaintiff to prove same.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint.

## SECOND CAUSE OF ACTION

### Violation of Title VII: Disparate Treatment

120.    Defendants repeat and incorporate by reference their responses to Paragraph 1 through Paragraph 119 of the Complaint as if fully set forth herein.

121.     Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.     No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 122 of the Complaint.

123.     No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 123 of the Complaint.

124.     Defendants deny the allegations contained in Paragraph 124 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

125.     Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.     Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.     Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.     Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.     Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.     Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.     Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.     Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.     Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.     Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.     Defendants deny the allegations contained in Paragraph 135 of the Complaint.

## THIRD CAUSE OF ACTION

### Violation of Title VII: Disparate Impact

136.     Defendants repeat and incorporate by reference their responses to Paragraph 1 through Paragraph 135 of the Complaint as if fully set forth herein.

137.     Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 138 of the Complaint.

139.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 139 of the Complaint.

140.    Defendants admit that in August 2021, MinuteClinic announced certain updates to the essential functions of its provider and nurse roles.   Defendants further admit that MinuteClinic sent out a Town Hall Summary, which document speaks for itself.   Defendants deny the remaining allegations contained in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

### FOURTH CAUSE OF ACTION

### Violation of Texas's Law Against Religious Discrimination

148.    Defendants repeat and incorporate by reference their responses to Paragraph 1 through Paragraph 147 of the Complaint as if fully set forth herein.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 150 of the Complaint.

151.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 151 of the Complaint.

152.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 152 of the Complaint.

153.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 153 of the Complaint.

154.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint.

## FIFTH CAUSE OF ACTION

**Violation of Texas Law Protecting Medical Personnel from Participating in Abortions**

162.    Defendants repeat and incorporate by reference their responses to Paragraph 1 through Paragraph 161 of the Complaint as if fully set forth herein.

163.    Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.    No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 164 of the Complaint.

165.   No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 165 of the Complaint.

166.   No responsive pleading is required by Defendants to the legal conclusions contained in Paragraph 166 of the Complaint.

167.   Defendants admit that MinuteClinic provides healthcare services to patients. Defendants deny the remaining allegations contained in Paragraph 167 of the Complaint.

168.   Defendants deny that MinuteClinic prescribes abortifacient drugs.   Defendants neither admit nor deny, because they have no knowledge of same, the remaining allegations contained in Paragraph 168 of the Complaint and, therefore, call upon Plaintiff to prove same.

169.   Defendants deny the allegations contained in Paragraph 169 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

170.   Defendants deny the allegations contained in Paragraph 170 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

171.   Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.   Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.   Defendants deny the allegations contained in Paragraph 173 of the Complaint, including that MinuteClinic prescribes abortifacient drugs.

## PRAYER FOR RELIEF

The WHEREFORE Clause, including Paragraphs a through j, set forth prayers for relief to which no response is required.  To the extent that a response is deemed necessary, Defendants deny all such allegations and specifically deny that Plaintiff is entitled to any judgment, declaratory, injunctive or equitable relief, back pay, front pay, compensatory damages,

exemplary or punitive damages, liquidated damages, attorneys' fees, costs, or any other relief whatsoever.

## JURY DEMAND

No responsive pleading is required from Defendants to Plaintiff's demand for a jury trial. To the extent that a response is deemed necessary, Defendants state that Plaintiff is entitled to a jury trial only to the extent allowed by law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that they would not otherwise bear, and reserving the right to amend their Answer to assert additional defenses that may became known during the course of these proceedings and as otherwise allowed by the Federal Rules of Civil Procedure and Orders of this Court, Defendants assert the following defenses and/or affirmative defenses:

1.      Defendants deny each and every allegation in the Complaint unless specifically admitted above.

2.      The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

3.      Plaintiff's claims for money damages, lost wages, monies owed, attorneys' fees and costs of court and other monetary relief may be barred or limited by the after-acquired evidence doctrine.

4.      Plaintiff's claims are barred to the extent that she failed to comply with administrative and statutory pre-requisites, limitations, and conditions precedent to suit, and/or otherwise failed to exhaust her administrative remedies.

5.      Plaintiff's alleged accommodation request was not reasonable and would have imposed undue hardship on Defendants.

6.      Plaintiff's alleged accommodation request was not reasonable and would have required Defendants to bear more than a *de minimis* cost.

7.      Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

8.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to engage in reasonable efforts to mitigate her alleged damages by obtaining or maintaining other, comparable employment or, in the alternative, Defendants are entitled to an offset of damages to the extent that Plaintiff's alleged damages have been mitigated.

9.      Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has not (and cannot) set forth sufficient facts to support that the termination of her employment had anything to do with her religious beliefs.

10.     Plaintiff has failed to state a claim upon which relief can be granted because the termination of Plaintiff's employment was based on lawful factors and any such actions were for lawful and proper reasons. No unlawful factors contributed to any decision related to Plaintiff or her employment.

11.     Plaintiff has failed to state a claim upon which relief can be granted because Defendants' decisions were based on legitimate, non-discriminatory reasons and were taken for justified business purposes unrelated to Plaintiff's religious beliefs.   Moreover, Defendants would have made the same employment decisions with respect to Plaintiff absent any unlawful or impermissible consideration, the existence of which unlawful and impermissible considerations Defendants specifically denies.

12.     Defendants made good-faith efforts to comply with the requirements of applicable law by establishing, communicating, and enforcing policies prohibiting discrimination, by

educating its employees on such policies, conducting training on such policies, and enforcing such policies, and therefore Defendants may not be held vicariously liable for punitive damages based on the alleged wrongful conduct of agents that were contrary to Defendants' good-faith efforts.

13.    Defendants did not make any decision or take any action against Plaintiff motivated by malice or evil motive or intent. Defendants did not engage in conduct callously indifferent to Plaintiff's protected rights.

14.    Defendants acted in good faith with respect to any employment decisions made with regard to Plaintiff and, as a result, Plaintiff is not entitled to punitive damages.

15.    Any claim by Plaintiff for punitive damages is barred because any such request seeks damages in violation of the due process, equal protection, and cruel and unusual punishment provisions of the Constitution of the United States and the State constitution.

16.    Any claims by Plaintiff for punitive and/or exemplary damages are unconstitutional and unavailable.

17.    To the extent Defendants acquire any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, or discharged, such after-acquired evidence shall bar Plaintiff's claims on liability or damages and shall reduce such claims as provided by law.

18.    Plaintiff's claims are barred to the extent she has failed to exhaust administrative remedies before filing this lawsuit.

19.    Plaintiff's claims are barred to the extent they were filed outside the applicable statute of limitations.

20.     Plaintiff's claims are barred to the extent they are the subject of any bankruptcy proceedings or adjudication.

21.     Plaintiff's claims for damages are limited by any applicable damages caps.

22.     CVS Health Corporation, CVS Health Solutions, LLC and MinuteClinic, L.L.C. were not Plaintiff's employer and may not be liable for her claims.

23.     As a result of Plaintiff's actions herein, Defendants have been required to retain the services of the undersigned attorneys and, pursuant to applicable law, to the extent possible, Defendants are entitled to an award of their reasonable attorneys' fees and for costs incurred in defending this action.

24.     Plaintiff's claims are barred in whole or in part because Defendants exercised reasonable care to prevent and promptly correct any allegedly discriminatory behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid hard.

25.     Any actions taken with respect to Plaintiff were for reasons other than Plaintiff's alleged religious beliefs.

26.     Any actions taken with respect to Plaintiff were done with business justification and because of business necessity.

27.     Even if Plaintiff can show a particular employment practice caused a substantial disparate impact, which Defendants deny, the challenged practice is job-related for the position in question and consistent with business necessity.

28.     Any policy or practice which Defendants used was uniformly applied, was job-related and consistent with business necessity and/or Defendants did not reject an equally valid, less discriminatory alternative in its place.

29.     Defendants reserve the right to amend this Answer to add facts and additional defenses, including affirmative defenses, as appropriate.

WHEREFORE, having fully answered, Defendants respectfully request that the Court dismiss Plaintiff's Complaint and order such other relief as the Court deems just and proper.

Dated:  April 7, 2023                                     Respectfully submitted,

*/s/ Alyssa M. Peterson*
Alyssa M. Peterson
Texas State Bar No. 24123836
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Fax)
apeterson@littler.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2023, the foregoing Defendants' Amended Answer to Complaint was electronically filed in the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

Jeffrey C. Mateer
David J. Hacker
Ryan N. Gardner
FIRST LIBERY INSTITUTE
2001 West Plano Pkwy., Ste. 1600
Plano, TX 75075
jmateer@firstliberty.org
dhacker@firstliberty.org
rgardner@firstliberty.org

Stephanie N. Taub
FIRST LIBERTY INSTITUTE
P.O. Box 744
Cabot, AR 72023
staub@firstliberty.org

Christine Pratt
FIRST LIBERTY INSTITUTE
1331 Pennsylvania Ave NW, Suite 1410
Washington, DC 20004
cpratt@firstliberty.org

Jonathan Berry
Jared Kelson
BOYDEN GRAY & ASSOCIATES
801 17th Street NW, Ste. 350
Washington, DC 20006
berry@boydengrayassociates.com
kelson@boydengrayassociates.com

Douglas Peterson
KEATING, O'GARA, NEDVED & PETER
200 South 21st Street, Suite 400
Lincoln, NE 68510
dpeterson@firstliberty.org

**ATTORNEYS FOR PLAINTIFF**

*/s/ Alyssa M. Peterson*
Alyssa M. Peterson